WILL CARTER *v.* THE COMMONWEALTH.

Criminal Law—Indictment for Murder—Instruction on the Law of Manslaughter—Right of Jury to Pass on Facts.

The refusal of the court to instruct as to the law of manslaughter left the jury no alternative except to acquit the accused upon the grounds of self-defense or find him guilty of murder. The court ought not, by refusing to instruct, deprive the jury of the right to deduce from the facts proven the conclusion that the offense committed, if any, is of a lower grade than that charged in the indictment. By refusing to instruct as to the law of manslaughter the court judiciously determined that the evidence did not authorize the jury even to entertain a reasonable doubt as to the grade of the offense committed.

Criminal Law—Instructions—Undue Prominence of Facts.

It is attempted by Instruction No. 4 to group together certain facts, i. e., threats, previous encounters and the character of the deceased and to give them undue prominence by making the question of guilt depend upon their existence or non-existence. It was for the jury and not the court to determine whether or not, when considered in connection with all the evidence in the case, they justified the conclusion that the accused at the time of the killing believed and had reasonable grounds to believe that he was then in imminent danger of losing his life or suffering great bodily harm at the hands of the deceased.

APPEAL FROM FAYETTE CIRCUIT COURT.

November 19, 1872.

OPINION BY JUDGE LINDSAY:

In view of instructions given on the motion of the attorney for the commonwealth, and the refusal of the circuit judge to instruct as to the law of manslaughter, left the jury no alternative

except to acquit the accused upon the ground of self-defense or find him guilty of murder. In criminal prosecutions in this state all issues of fact must be tried by the jury.

The court has the power and it is its duty to determine questions of law. It must, when the evidence shall be concluded, upon the motion of either party, instruct the jury in writing on the law applicable to the case. Amendment of August 31, 1862, to section 226, Criminal Code of Practice. In giving and refusing instructions the court shall avoid encroaching in any degree upon the right of the jury to pass upon the facts. This right is an exclusive one, and the jury should be allowed to exercise it unembarrassed by suggestions from the court as to the weight or consideration which the testimony or any part of it should receive, and the court ought not, by refusing to instruct, to deprive the jury of the right to deduce from the facts proved the conclusion that the offense committed, if any, is of a lower grade than that charged in the indictment. Under the indictment in this case appellant might have been convicted of manslaughter.

He claims that the evidence conduces to show that he acted under sudden heat and passion when he shot and killed the deceased. We forbear to intimate an opinion as to whether such an inference can be legitimately drawn from the facts proved, but are of opinion that the court erred in declining so to instruct the jury, that they might, in case they entertained from the evidence a reasonable doubt as to whether the killing was murder or manslaughter, have given to the appellant the benefit of this doubt.

In civil cases this court has held that it was improper to take from the jury the right to decide upon the facts, and the inferences which they might authorize, that if from any allowable deduction from the facts proved a course of action might be sustained, it was erroneous to instruct peremptorily in favor of the defendant. *Rowland v. Hanna*, 2 B. Monroe, 129; *Fightmaster v. Beasley*, 7 John Marshall 411.

By refusing to instruct as to the law of manslaughter the court judicially determined that the evidence did not authorize the jury even to entertain a reasonable doubt as to the grade of the offense committed in case they should conclude that the plea of self-defense was not sufficiently made out. We are constrained to hold that this refusal had the effect of taking from

the jury the right to pass upon the facts and that it is a reversible error.

We cannot approve the manner in which instruction No. 4, asked for by appellant and modified by the court, is drafted. It is attempted therein to group together certain facts, i. e., threats, the previous encounter, and the character of the deceased, and to give them undue prominence by making the question of guilt depend upon their existence or nonexistence. All these facts were properly before the jury in evidence, and it was for the jury, and not the court, to determine whether or not when considered in connection with all the evidence in the case they justified the conclusion that the accused at the time of the killing believed, and had reasonable grounds to believe, that he was then in imminent danger of losing his life, or sustaining great bodily harm, and that there was no other means to escape the continual impending danger made imminent by the presence of his foe except to slay him. If he had the right to and did so believe, and did not unnecessarily bring about the meeting, then under the law of self-defense as announced by this court in the case of Bohannon, 8th Bush 481, he was neither obliged to fly for safety nor to await the attack of his enemy. The modification made to the fourth instruction by the court was certainly calculated to mislead, and should have been omitted.

The judgment of conviction for murder is reversed and the case remanded for a new trial upon principles consistent with this opinion.

*Huston, for appellant.*